## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made as of August 23, 2018 by TEMPERATURE EQUIPMENT CORPORATION ("TEC"), by its attorneys Kohner, Mann & Kailas, S.C., and JOHN D. YOUNG ("Debtor"), by his attorneys Bach Law Offices.

### RECITALS

A. Starting in October of 1990, Debtor in his capacity as owner and president of Hart's Heating & Cooling, Inc. ("Hart's"), sought and obtained credit from TEC for purchases of heating and cooling materials from TEC to be used in Hart's real property improvement and repair business.

B. As a result of the accrued debt owed by Hart's, Debtor to entered into a new loan agreement with TEC, in his personal capacity, to consolidate the amounts owed under the prior credit agreements and to obtain additional financing from TEC (the "Loan Agreement").

C. As part of Debtor's request for a new loan agreement, Debtor provided TEC with a credit application and personal financial statement dated September 1, 2007 (the "Financial Statement") to which Debtor warranted the information he was providing TEC in the Financial Statement was truthful and accurate.

D. Debtor defaulted under the terms of the Loan Agreement by failing to make payments to TEC when due.

E. As of October 5, 2012, Debtor was indebted to TEC in the amount of $617,324.24, plus continuing interest, costs, and attorneys' fees pursuant to the Loan Agreement.

F. On October 18, 2012, TEC brought suit in the Circuit Court of Cook County, Illinois, Chancery Division, against Debtor, Hart's and additional entities under the control of Debtor, for

EXHIBIT A

foreclosure of the Hart's business premises and money damages for the amounts owed to TEC (the "Lawsuit").

G. Judgment was entered in the Lawsuit in the amount of $652,757.19 on August 13, 2013.

H. Following the foreclosure and judicial sale of the Hart's business Premises, an Amended Judgment Order was entered in the Lawsuit in the amount of $513,150.10 on February 24, 2014 (the "Judgment").

I. Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on January 19, 2016 (the "Petition Date") in the Bankruptcy Court for the Northern District of Illinois (the "Court").

J. Debtor's submitted his bankruptcy schedules to the Court on February 29, 2016 (the "Schedules").

K. The Schedules list ownership interests of the Debtor, and liens of TEC based on its Judgment, regarding real properties located at 17419 South 84th Avenue in Tinley Park, Illinois (the "84th Property"); 8400 County O in Eagle River, Wisconsin (the "County O Property") and 16165 Creekmont Court in Tinley Park, Illinois (the "Creekmont Property") (collectively, the "Properties").

L. The Schedules list the value for the 84th Property as $324,815, subject to a mortgage owed to Chase Mtg. of $150,088; a value for the Creekmont Property of $130,000; and a value of the County O Property of $200,000.

M. The Schedules state that the Properties are co-owned by Debtor and another owner, as common tenancies with Debtor having a 50% ownership interest in each of the Properties.

N. As of Debtor's January 19, 2016 Petition Date, with interest having accrued on the Judgment since February 24, 2014, the balance owed by Debtor to TEC was $601,215.09.

2

O. Pursuant to the Order of the Court, dated May 12, 2016, Debtor's bankruptcy was converted to a case under Chapter 11 of the Code.

P. On August 22, 2016, TEC filed an adversary proceeding against Debtor, pursuant to Sections 1141(d)(3)(C); 523(a)(2)(A); and 523(a)(4), seeking the denial of Debtor's discharge and/or having Debtor's debt to Temperature declared nondischargeable (the "Adversary Proceeding").

Q. Pursuant to the Order of the Court, dated September 20, 2016, Debtor's bankruptcy was converted to a case under Chapter 7 of the Code.

R. Debtor filed an answer to TEC's complaint in the Adversary Proceeding on December 8, 2016, that was amended on February 7, 2017.

S. TEC filed a motion for relief from stay and abandonment with the Court concerning the Properties on June 15, 2017, that was later amended on July 11, 2017.

T. The Court granted TEC's motion for relief from stay pursuant to the Court's Order dated July 25, 2017.

U. A judgment of foreclosure was entered on April 4, 2018 by of Bayview Loan Servicing, LLC, as assignee of JPMorgan Chase Bank, National Association ("Bayview") in regards to its first-position mortgage on the 84th Property (the "Bayview Foreclosure"). Bayview withdrew the judicial sale that was scheduled for July 17, 2018 for the 84th Property in relation to the Bayview Foreclosure. Bayview filed a motion in the Bayview Foreclosure, on August 10, 2018, to dismiss the Bayview Foreclosure.

## AGREEMENTS

In order to resolve all disputes between TEC and Debtor regarding the Judgment, the Properties, and the Adversary Proceeding, without incurring the time and expense of continued litigation, TEC and Debtor agree to the following:

1. <u>Settlement Payments</u>. Debtor shall cause a total payment of $400,000.00, without recourse, to be made to TEC (the "Settlement Amount"). Debtor shall make a good faith initial payment, in an amount of not less than $500.00, to be received in the office of TEC's counsel on or before August 28, 2018 (the "Initial Payment"). The address for the Initial Payment is as follows:

> Eric R. von Helms
> Kohner, Mann & Kailas, S.C.
> 4650 North Port Washington Road
> Milwaukee, Wisconsin 53212

2. <u>Schedule of Monthly Payments</u>. Following the Initial Payment, Debtor shall make monthly payments to TEC, starting with a payment, to be received by TEC on or before October 1, 2018 of not less than $500.00, and then followed by a payment of not less than $1,500.00, to be received by TEC on or before November 1, 2018, and a payment of not less than $1,500.00 to be received by TEC on or before December 1, 2018, and then subsequent monthly payments, of not less than $2,500.00, to be received by TEC on or before the first day of each month, starting with the payment to be received on or before January 1, 2019, and then on or before the first day of each subsequent month , until a total of $400,000.00 (including the Initial Payment amount , and any amounts to be received by TEC from the Properties, and the Bankruptcy Claim, as defined below) has been paid to TEC under this Agreement (the "Monthly Payments"). The Monthly Payments shall be made payable to TEC and shall be received at its offices located at the following address:

4

Temperature Equipment Corporation
Attn: Ernie Pudliner – Credit Manager
18500 North Creek Drive
Tinley Park, Illinois 60477

3. <u>Agreed Final Judgment</u>. Following receipt of the Initial Payment by TEC, the parties shall enter into an Agreed Final Judgment for entry of judgment in the Adversary regarding the causes of action made by TEC against Debtor pursuant to Sections 523(a)(2)(A) and 523(a)(4) of the Code, and for dismissal of the causes of action made by TEC against Debtor pursuant to Section 1141(d) of the Code. The Agreed Final Judgment shall declare that the $601,215.09 amount owed by Debtor to TEC as of the Petition Date be nondischargeable, pursuant to Section 523(a) of the Code, and that execution on such judgment amount shall be stayed as long as Debtor pays the Settlement Amount to TEC in the manner described in Paragraphs 1 and 2 above.

4. <u>Foreclosure of County O Property</u>. TEC may commence foreclosure and/or partition proceedings in the Wisconsin state courts regarding the County O Property (the "County O Foreclosure"). Debtor shall not oppose the County O Foreclosure by answering or otherwise responding or raising any defenses to any complaint brought by TEC in the County O Foreclosure. TEC may proceed with obtaining judgment of foreclosure, and any other actions necessary to preserve its rights in the County O Property up to, and including, scheduling a sheriff's sale for the County O Property in the County O Foreclosure. Such sheriff's sale may be scheduled any time after August 21, 2019. The lien of TEC on the County O Property, and TEC's rights in the County O Foreclosure, shall not be affected by any discharge that may be received by Debtor in his bankruptcy proceedings.

5. <u>Forbearance of County O Foreclosure</u>. In the event that Debtor pays TEC $150,000.00 on or before August 21, 2019 (the "Foreclosure Forbearance Payment"), over and

5

above the Initial Payment and Monthly Payments received by TEC as of August 21, 2019, the sheriff's sale for the County O Property will be stayed, and TEC will forbear on its rights to proceed with sheriff's sale for the County O Property, to and including August 21, 2020. In the event that the Foreclosure Forbearance Payment of $150,000.00 is not received by TEC on or before August 21, 2019, TEC may proceed with conducting the sheriff's sale for the County O Property.

6. <u>Payment to Prevent County O Foreclosure Sale</u>.   In the event that Debtor pays a total of $300,000 to TEC on or before August 21, 2020, including the Initial Payment, the Monthly Payments paid as of such date, and the Foreclosure Forbearance Payment, the obligations of Debtor to TEC shall be deemed satisfied and TEC shall dismiss the County O Foreclosure  In the event that Debtor has not paid a total of $300,000.00 to TEC on or before August 21, 2020, regardless of whether the Foreclosure Forbearance Payment is timely paid, the forbearance on the County O Foreclosure shall be deemed to have expired and TEC may proceed with the sheriff's sale for the County O Property.

7. <u>Partition of County O Property</u>.  To the extent that the ex-spouse of Debtor, Janet Young, or the adult children of Debtor, Jill Young and Jordan Young (collectively, the "Debtor Relatives"), continue to possess any interests, rights, claims, and title in the County O Property, TEC shall have the right to partition the interests of the Debtor Relatives in the County O Property or to work out an agreement to obtain the Debtor Relatives' voluntary conveyance of such interests, rights, claims, and title in the County O Property.  In the event that judgment of foreclosure and/or partition has been entered in relation to the County O Property, and the County O Property is sold through a sheriff's sale or other means, the net proceeds paid to TEC from the sale of the County O Property shall be credited against the Settlement Amount to be paid by Debtor.

8. <u>Surplus from 84th Property</u>. In the event that Bayview renews its foreclosure of the 84th Property, and the 84th Property is sold through judicial sale by Bayview, whatever surplus proceeds that are available to pay TEC from the sale shall be credited to the Settlement Amount.

9. <u>Lien on 84th Property</u>. The judgment lien of TEC shall remain on the 84th Property and such lien shall not be affected by any discharge that may be received by Debtor in his bankruptcy proceedings. TEC shall have the right to foreclose on its lien position on the 84th Property in the event of a default in the Monthly Payments.

10. <u>Conveyance of Creekmont Property</u>. Debtor shall convey all of his interests, rights, claims, and title in the Creekmont Property to TEC through a quit claim deed, the form of which quit claim deed is to be approved by TEC (the "Creekmont Deed Conveyance"). Debtor shall relinquish all of his rights to ownership or title of the Creekmont Property with prejudice through the Creekmont Deed Conveyance including, but not limited to, all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois. Prior to the recording of the Creekmont Deed Conveyance, the judgment lien of TEC shall remain on the Creekmont Property and such lien shall not be affected by any discharge that may be received by Debtor in his bankruptcy proceedings.

11. <u>Surplus from Creekmont Property</u>. In the event that the Creekmont Property goes through foreclosure in relation to unpaid condominium association fees, and is sold through a judicial sale, whatever surplus proceeds that are available to pay TEC from such sale shall be credited to the Settlement Amount.

12. <u>Partition of Creekmont Property</u>. Debtor shall not oppose any foreclosure and/or partition proceedings brought by TEC in regards to the Creekmont Property. To the extent that the Debtor Relatives continue to possess any interests, rights, claims, and title in the Creekmont

7

Property, TEC shall have the right to partition the interests of the Debtor Relatives in the Creekmont Property or to work out an agreement to obtain the Debtor Relatives' voluntary conveyance of such interests, rights, claims, and title in the Creekmont Property. Once judgment of foreclosure and/or partition has been entered in relation to the Creekmont Property, and the Creekmont Property is sold through a judicial sale or other means, the net proceeds paid to TEC from the sale of the Creekmont Property shall be credited against the Settlement Amount to be paid by Debtor.

13. <u>Claim in Bankruptcy</u>. Upon execution and recording of the Creekmont Deed Conveyance and the County O Foreclosure is commenced, TEC's proof of claim in Debtor's bankruptcy (the "Bankruptcy Claim") shall be accordingly amended to be a general unsecured claim. The Bankruptcy Claim shall be allowed in the full $601,215.09 amount. TEC shall have all rights to receive payment of dividends on its Bankruptcy Claim from the bankruptcy estate and Debtor agrees not to object to the Bankruptcy Claim. Any payments that are made to TEC on the Bankruptcy Claim from the bankruptcy estate shall be credited to the Settlement Amount.

14. <u>Rights of Trustee</u>. Nothing in this Agreement shall affect the rights or claims of the Chapter 7 Trustee, Eugene Crane (the "Trustee"), regarding nondischargeability of Debtor pursuant to Section 523(a) of the Code or denial of Debtor's discharge pursuant to Section 727(a) of the Code. Other than the Properties, for which the Trustee has already abandoned the bankruptcy estate's interests, nothing in this Agreement affects other property of Debtor's bankruptcy estate or the Trustee's rights to pursue such property on behalf of the bankruptcy estate.

15. <u>Release of Judgment</u>. In the event Debtor pays the full Settlement Amount to TEC in the manner described in Paragraphs 1 and 2 above, or in Paragraph 6 above, the Agreed Final Judgment in favor of TEC and against Debtor shall be deemed satisfied.

16. <u>Notice of Dismissal of 1141(d) Cause of Action</u>. The parties shall provide notice of the dismissal of TEC's causes of action, related to Section 1141(d) of the Code, to all creditors and other interested parties in Debtor's bankruptcy, allowing such parties the opportunity to object to the dismissal of such causes of action In the event there are no objections, TEC's causes of action under 1141(d) shall be dismissed and judgment entered pursuant to TEC's causes of action under 523(a).

17. <u>No Award of Costs or Fees</u>. The parties stipulate that each shall be responsible for payment of their own attorneys' fees and costs in relation to the Adversary Proceeding.

18. <u>All Rights Reserved in Event of Default</u>. In the event of a default by Debtor for failure to make any of the payments described in this Agreement, TEC shall be entitled to the entire $601,215.09 Judgment balance, less any payments received from Debtor under this Agreement, plus accruing interest, costs, and attorneys' fees.

## ACKNOWLEDGMENTS

a. The parties have had a reasonable opportunity to consult with counsel concerning this Agreement.

b. Neither party is relying on any statements or promises other than what is said in this Agreement.

c. The persons executing this Agreement are fully authorized to do so by their respective principals.

**[REMAIND OF PAGE INTENTIONALLY LEFT BLANK]**

d. A facsimile or scanned signature shall be as enforceable as an original for execution of this Agreement, and it may be executed in multiple counterparts and joined together to form a binding agreement between the parties.

KOHNER, MANN & KAILAS, S.C. attorneys for Temperature Equipment Corporation

8/27/18
Date

_____
Eric R. von Helms

BACH LAW OFFICES attorneys for John D. Young

8-23-18
Date

_____
Paul M. Bach

JOHN D. YOUNG, individually

8-22-18
Date

_____
John D. Young

10